UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.   8:06-cr-325-T-23MAP
                                                                                  8:13-cv-730-T-23MAP
DAVID EUGENE LEE
_____/

**O R D E R**

  Lee's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possessing with the intent to distribute fifty grams or more of crack cocaine, for which offense Lee serves life imprisonment.  Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)* (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255

_____

  *   Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  Lee's motion is barred.

Lee's earlier challenge to this same conviction was rejected on the merits in 8:09-cv-104-T-23MAP.  Lee is precluded from pursuing a second or successive motion without permission from the Eleventh Circuit Court of Appeals.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).  The earlier denial of the motion to vacate precludes Lee from again challenging either his conviction or his sentence unless he obtains the required permission from the circuit court.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").

This new action is, therefore, a second or successive action that is subject to specific restrictions.  Section 2255 provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

>>establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Lee fails to represent that the circuit court has granted him the required permission.

Lee asserts entitlement to a new limitation under Section 2255(f)(3), which permits a one-year limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Lee contends that *Missouri v. Frye*, ___ U.S. __, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), establish a "right that has been newly recognized by the Supreme Court." Nevertheless, Lee's motion to vacate is barred as second or successive unless he first obtains permission from the circuit court. Lee must convince the circuit court that he qualifies for a new limitation under Section 2255(h)(2), which permits a second or successive motion to vacate if based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk shall close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lee is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lee must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly second or successive, Lee cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Lee is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Lee must pay the full $455 appellate filing fee without installments unless the circuit court allows Lee to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on April 16, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE